IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CFE INTERNATIONAL LLC., et al, <br> *Plaintiffs,* | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-2069 |
| WWM LOGISTICS LLC, <br> *Defendant.* | § <br> § <br> § <br> § | |

## ORDER

Pending before this Court is Defendant WWM Logistics' ("WWM," or "Defendant") Motion to Dismiss Plaintiff CFE International LLC's ("Plaintiff," or "CFEi") Petition to Confirm Final Arbitration Award. (Doc. No. 15). Plaintiff responded in opposition. (Doc. No. 20). Having considered the motion and law, the Court **GRANTS** the motion to dismiss. (Doc. No. 15).

### I. Background

In 2017, WWM and CFEi entered a contract for the supply of natural gas in West Texas. (Doc. No. 9 at 3). Plaintiff Comision Federal de Electricidad ("CFE") guaranteed the execution of the West Texas Contract by CFE International's ("CFEi"), and the parties agreed that any disputes that arise would be resolved through arbitration. (*Id.* at 2–3). In 2021, a dispute arose regarding the delivery of gas to CFEi during Winter Storm Uri and WWM's subsequent termination of the agreement. (Doc. No. 9-3 at 6; 11).

Arbitration proceedings began in mid-2021, and the arbitration panel issued a Final Award on May 13, 2024. (Doc. No. 9 at 5). The Award included declaratory relief, damages, fees, and costs for CFE. (*Id.*). Following this award, it is undisputed that WWM paid CFEi the full amount owed under the Award. (*Id.*). On May 31, 2024, CFEi filed its Petition to Confirm the Final

Arbitration Award in this Court. (Doc. No. 1), and the Corrected Petition to Confirm the Final Arbitration Award was filed on June 4, 2024. (Doc. No. 9).

WWM then filed its Motion to Dismiss the Corrected Petition, arguing that the Court lacks jurisdiction to rule on the Corrected Petition because there is no live case or controversy. (Doc. No. 15 at 3). Specifically, WWM argues that, because the Award consisted solely of declaratory and monetary relief, that has been entirely satisfied, there is no live dispute between the parties. (*Id.*). In response, CFEi argues that it has an "ongoing, concrete interest" in the confirmation of the Award. (Doc. No. 20 at 2). CFEi cites several cases holding that the payment of an arbitral award does not moot the interest in a judicial confirmation. Further, CFEi contends that the interests of certainty and finality are still live and only redressable through a judicial confirmation. (*Id.* at 3–4). Finally, the parties dispute whether the Award should be unsealed under the London Court of International Arbitration Rules. (Doc. No. 9 at 4).

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

2

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

The Court finds that the payment of the Award in full has mooted CFEi's interest in confirmation of the Award. While payment of an arbitral award does not always moot a confirmation, federal jurisdiction remains a necessary antecedent to any confirmation proceeding. Without standing to seek a confirmation, a court is without jurisdiction to confirm any award.

*A. Standing & the Federal Arbitration Act*

Article III of the Constitution provides that the "judicial power shall extend to all Cases" and "Controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). Mootness is "standing set in a time frame." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997). "The doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings." *Uzuegbunam v. Preczewski*, 592 U.S. 279,

3

282 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A "concrete" injury is "real, and not abstract." *Id.* at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). While "Congress may elevate harms that exist in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence." *Id.* at 426 (cleaned up).

"An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (cleaned up). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC*, 568 U.S. at 91 (quoting *Alvarez*, 558 U.S. at 93). In other words, "no live controversy remains where a party has obtained all the relief she could receive on the claim through further litigation." *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022) (internal quotation marks omitted).

The FAA provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Confirmation is a "mechanism[ ] for enforcing arbitration awards." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Confirmation gives "the winning party . . . a variety of remedies" for enforcement. *Id.* This includes "plac[ing] the weight of a court's contempt power

4

behind the award, giving the prevailing party a means of enforcement that an arbitrator would typically lack." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 596 (7th Cir. 2017) (cleaned up). An arbitration award, however, "need not actually be confirmed by a court to be valid." *Florasynth*, 750 F.2d at 176. "An unconfirmed award is a contract right that may be used as the basis for a cause of action," and "in the majority of cases the parties to an arbitration do not obtain court confirmation." *Id.*

Article III's case-or-controversy requirement applies to actions governed by the FAA. The Supreme Court recently affirmed that the FAA's provisions authorizing "applications to confirm, vacate, or modify arbitral awards . . . do not themselves support federal jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). In fact, a federal court may entertain an action brought under the FAA *only* if the action has an "independent jurisdictional basis." *Id.*; *see also Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67–68 (2d Cir. 2023), cert. denied, 144 S. Ct. 1011, 218 L. Ed. 2d 175 (2024). A party seeking to confirm an arbitral award, must "identify a grant of jurisdiction, apart from [Section 9], conferring access to a federal forum." *Badgerow*, 596 U.S. at 8.

### B. Mootness & Petitions for Confirmation

Here, WMM argues that the confirmation petition is moot because the Award has been paid, there is no prospective relief, and WMM does not dispute or challenge any aspect of the Award. (Doc. No. 15 at 3). CFEi argues that the petition is not moot because the controversy underlying the arbitration is still active, and CFEi has certainty and finality interests in the confirmation. The question for the Court, then, is whether Plaintiff's proposed interest in finality and certainty are sufficient to sustain a live controversy regarding the confirmation of the Award.

While the Fifth Circuit has not ruled on this issue directly, Plaintiff points to several district court cases to suggest that the payment of an arbitral award does not moot a confirmation petition.

In *Carlton Energy Grp.*, the district court held that the payment of an award "does not render a confirmation award non-justiciable." *Carlton Energy Group, LLC v. Cliveden Petroleum Co. Ltd.*, No. CV H-22-170, 2023 WL 168754, at *3 (S.D. Tex. Jan. 12, 2023). There, the Court noted that while the defendant had paid the award to avoid incurring interest, there was still a question regarding the attorney's fees obligation on future disputes. *Id.* Thus, the Court held that the case was not mooted. *Id.*

The Court finds that *Carlton* is distinguishable for several reasons. In that case, the district court noted that the parties did not agree on the issue of attorney's fees moving forward and, therefore, the live controversy survived the defendant's prompt payment of the award. *Id.* As defendant's conduct did not resolve all disputes between the partes, the payment of the award did not automatically moot the controversy. Here, there is no such dispute. This case concerns a payment in full of the entire Award, and neither party can articulate a remaining point of dispute. Thus, the Court finds that *Carlton* was decided on materially distinguishable facts.

CFEi next points to *Decapolis*, where the district court for the Northern District of Texas denied a motion to dismiss on mootness grounds. *Decapolis Grp, LLC v. Mangesh Energy, Ltd.*, No. 3:13-CV-1547-M, 2014 WL 702000, at *1 (N.D. Tex. Feb. 24, 2014). In that case, however, the Court's reasoning seemed to be based in part on the fact that "the Respondents have paid Decapolis's attorney's fees and costs for the arbitration, *as well as the payment for the first milestone event*, and have not attempted to vacate or modify the Award." *Id.* As in *Carlton*, the facts in *Decapolis* are distinguishable in the most important way—there was an outstanding award obligation. *Id.* Thus, while the defendants there had "complied with the Award and ha[d] not given any indication that they will stop complying," their compliance was not yet complete. *Id.* Since the defendant had not satisfied the entire award, the confirmation gave the plaintiff a mechanism

to enforce the rest of the award. Again, these facts are materially different from the facts of this case, significantly reducing the import of the *Decapolis* Court's analysis.

Certainly, CFEi can point to cases where the payment of an arbitral award did not moot confirmation proceedings in certain contexts. This Court, however, can find no case where the Fifth Circuit, or any court in the Fifth Circuit, considered the argument that satisfying an award *cannot* moot a confirmation petition, as CFEi argues. In fact, courts in this district have specifically held that "a court *with jurisdiction* . . . must grant a timely motion to affirm the arbitration award unless there is a basis to modify, vacate, or correct it." *Variable Annuity Life Ins. Co. v. Bencor, Inc.*, No. CIV.A. H-05-1843, 2006 WL 1492249, at *3 (S.D. Tex. May 30, 2006) (citing *Ono Pharm. Co., Ltd. v. Cortech*, No. 03-5840, 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003)). Nevertheless, the Court does not find that "the overwhelming caselaw within the Fifth Circuit . . . allows for confirmation" in this case, as CFE suggests. (Doc. No. 20 at 3–4).

In support of its argument, WWM relies heavily on a case from the Second Circuit. *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67–68 (2d Cir. 2023), cert. denied, 144 S. Ct. 1011, 218 L. Ed. 2d 175 (2024). In *Stafford*, the Second Circuit analyzed a confirmation order in a case where the arbitral award included only monetary damages that had been completely satisfied. *Id.* at 68. Since there was no potential for the plaintiff to obtain any relief in the district court, the Second Circuit held that the plaintiff "no longer ha[d] any concrete interest in enforcement." *Id.* Further, because the FAA itself renders arbitration awards binding, the Second Circuit held a judicial confirmation was unnecessary to ensure plaintiff's interest in the award's validity. *Id.* Based on the requirement that a confirming court must still establish Article III jurisdiction as a prerequisite, the Second Circuit held that a petition to confirm an arbitration award became moot when the award was paid in full and the opportunity for defendant to raise any

7

objection had passed. *Id.* at 69. The *Stafford* Court also pointed to opinions in several other circuits supporting its holding that some live dispute was necessary to avoid mootness. *Id.* (citing *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 598 (7th Cir. 2017); *Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 728-29 (4th Cir. 2017)).

In *Brown & Pipkins*, the losing party in arbitration claimed that payment had been made in full, but the prevailing party disagreed. 846 F.3d at 729. The dispute over payment rendered the petition to confirm not moot. *Id.* Similarly, in *Unite Here Local 1*, there was "plainly a live dispute" about whether the losing party was "in fact acting in compliance with the awards" of prospective relief. 862 F.3d at 598. The parties' interests in the "ongoing controversy" over enforcement of the awards was sufficient for Article III purposes. *See id.* at 598-99; *cf. Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 250, 253 (3d Cir. 2020) (finding Article III standing when there was a risk of "future violations" of the prospective relief awarded).

Likewise, the only Fifth Circuit opinion cited by CFEi does not contradict the *Stafford* Court's analysis. In *McVay*, the district court found that a suit seeking confirmation was not moot where the party opposing confirmation "had already met a number of directives," but had not paid the full award. *McVay v. Halliburton Energy Servs., Inc.*, 688 F. Supp. 2d 556, 563-64 (N.D. Tex. 2010). The Fifth Circuit affirmed the district court's confirmation of the arbitration award without once addressing any jurisdictional questions—the Fifth Circuit's analysis focused on the arbitral award of an injunction. *McVay v. Halliburton Energy Services, Inc.*, 608 Fed. Appx. 222, 225 (5th Cir. 2015). As such, the facts of *McVay* are materially distinguishable from the case at bar.

In the absence of binding, on-point precedent, the Court finds the analysis articulated by the Second Circuit in *Stafford* to be the most persuasive application of the Supreme Court's mootness jurisprudence directives concerning the FAA. The cases within the Fifth Circuit have

primarily held that the payment of an arbitral award does not automatically moot a confirmation proceeding. While this Court affirms the fact that a payment of an award does not automatically moot a confirmation proceeding, it certainly can—and here it does.

*C. CFE's Purported Concrete Interests*

In this case, there is no relief that CFEi could obtain from this Court, there is no prospective relief at issue, and there is no plausible threat of future non-compliance by WWM. As a result, the Court must determine if CFEi's purported interests sustain a live controversy, or whether CFEi "has obtained all the relief [it] could receive on a claim through further litigation," rendering the case moot. *See Ruesch*, 25 F.4th at 70. CFEi articulates three "concrete interests" that would be remedied by a confirmation order.

First, CFEi argues that it cannot be made whole without certainty and finality through judicial confirmation of the declaratory relief granted in the Award. (Doc. No. 20 at 4). Second, CFEi claims that confirmation "is required to vindicate [CFE]'s reputational interests" in light of statements allegedly made by WWM to the media. (*Id.*). Third, and finally, CFEi claims that confirmation of the Award is necessary to convert their contractual rights into an enforceable judgment. (*Id.*). For primarily the same reason, each of these purported "interests" fail to sustain any justiciable controversy.

*a. Certainty and Finality*

CFEi's interest in confirmation of the Award's grant of declaratory relief does not establish a concrete interest because the requested action of the Court will not affect the legal status of the relief granted in the Award. Judicial confirmation of an arbitration award is a mechanism for enforcement, not a legal validation. *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *see also Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456 (1957)

("It seems, therefore, clear to us that Congress adopted a policy which placed sanctions behind agreements to arbitrate grievance disputes . . . ."). As such, the confirmation process exists *solely* to provide prevailing parties with the courts' contempt power to enforce the award, not to cloak an award in legal validation.

Here, there is no prospective relief or unfulfilled obligation for the Court to potentially enforce in the future. This being the case, the Court's confirmation of the Award would not provide additional certainty or finality to the Award as a matter of law. The legal declarations in the Award already have the maximum amount of "certainty" and "finality" that the law can provide. Thus, a purported interest in "certainty" or "finality" does not create a justiciable controversy here.

### b. Reputational Harms

CFEi also makes conclusory allegations that it has a reputational interest in the confirmation based on statements made by WWM to the media and in other proceedings. (Doc. No. 20 at 5). Certainly, reputational harms can be concrete. *See TransUnion L.L.C. v. Ramirez*, 594 U.S. 413, 425 (2021); *Deanda v. Becerra*, 96 F.4th 750, 757 (5th Cir. 2024). Nevertheless, if CFEi's purported reputational harm has been remedied by the Award, there is no longer a harm for the Court to remedy. If there was a reputational harm caused by WWM's statements, the declarations of law made in the Award provide the remedy. Arguing that confirmation would remedy any such harm *even more* is just legally incorrect.

### c. Finality of Contractual Rights

Finally, CFEi argues that it has an interest in the confirmation because CFE's contractual rights will "be turned into an enforceable judgment." (Doc. No. 20 at 7). The issue, once again, is that the Court's confirmation provides the Award no additional enforceability. To be sure, confirmation serves as a *tool* of enforceability for prevailing parties seeking to enforce awards.

*Hall St.*, 552 U.S. at 582. It does not, however, increase the Award's legal status or place it on a higher plane of legal enforceability. Moreover, the Award has already been satisfied. Additionally, the hypothetical possibility that WWM may sue CFEi over other contractual obligations in the future is beyond the scope of this Complaint and the Court's confirmation power. WWM has already complied with the Award in its entirety—any future dispute over the parties' contractual relationship would be the basis for a separate lawsuit, not a reason for this Court to confirm the contents of the Award here. For this reason, as described above, the Court's confirmation cannot give CFEi the future "certainty" or "finality" that it claims to seek. The Court's confirmation is not needed to convert the Award "into an enforceable judgment," as the Award itself is already legally enforceable as a matter of law.

In the absence of binding Fifth Circuit precedent, the Court finds the Second Circuit's reasoning to be a compelling application of Article III justiciability requirements to the text of the FAA. Based on the Court's analysis, CFEi has not established any live controversy or concrete interests that remain to support the confirmation proceeding. As such, the Court **GRANTS** WWM's motion to dismiss, (Doc. No. 15), and **DISMISSES** the Corrected Petition to Confirm the Arbitration Award. (Doc. No. 9).

IV. **Conclusion**

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss Plaintiff's Corrected Petition. (Doc. No. 15).

Signed on this 13th day of March, 2025.

Andrew S. Hanen
United States District Judge